Hillsborough
No. 79-108

### THE STATE OF NEW HAMPSHIRE

v.

### MARK A. HOLDEN

June 27, 1979

*Thomas D. Rath*, attorney general (*Anne E. Cagwin*, assistant attorney general, orally), for the State.

*Holland & Aivalikles*, of Nashua (*Francis G. Holland* orally), for the defendant.

PER CURIAM. Defendant, a seventeen-year-old juvenile, was certified to the superior court as an adult for charges arising out of a robbery. A four-page order setting forth findings required by RSA 169:21 and *State v. Smagula*, 117 N.H. 663, 377 A.2d 608 (1977), was issued by *Pantelas*, J. The superior court remanded the case for an "evidentiary hearing" because there was no verbatim transcript of the district court proceedings accompanying the file. The two courts could not agree whether *Smagula* required a verbatim transcript. At the request of *Harkaway*, P.J., the case was transferred here without ruling by *Cann*, J., to allow us to clarify the "record" requirement of *Smagula*.

*State v. Smagula* requires the superior court to "accept the district court's waiver decision unless upon *review of the record* it finds the ruling to have been unsupported by the evidence or erroneous as a matter of law." *Id.* at 667, 377 A.2d at 611 (emphasis added). Because

this is not a de novo appeal, the "record" is important. The entire juvenile and probation files as well as the detailed *Smagula* findings constitute the "record" before the superior court for review. A verbatim transcript or recording is not required unless the defendant requests a transcript or recording within a reasonable time period before the district court hearing. When such a request is made, the district court must arrange either for a stenographer to be present or a tape recording to be made. Our statute permits the use of recording devices but does not require the use of sophisticated or expensive equipment. RSA 502-A:27-d (Supp. 1977). Any recording equipment provided by attorneys and any recordings made are, of course, subject to the control of the court. A written transcript may be unnecessary because the superior court's review is limited and will usually require only a portion of the tape record. In this case, the defendant made no request for a verbatim recording or transcript in the district court. The superior court should proceed based upon the "record" before it.

*Remanded.*